878 F.2d 338
 59 Fair Empl.Prac.Cas. 1681,
29 Wage & Hour Cas. (BN 814,
50 Empl. Prac. Dec. P 39,110,
112 Lab.Cas. P 35,258
 Ruby EBERT, Carla Ebert, Esther C. Ebert, Tempa Roselind
Ebert, Willa Dean Atkinson, and Ila M. Brown,
individually and on behalf of all others
similarly situated,
Plaintiffs-Appellants,
v.
LAMAR TRUCK PLAZA, a Colorado corporation, Defendant-Appellee.
 No. 87-1225.
 United States Court of Appeals,
Tenth Circuit.
 June 23, 1989.
 
 Penfield W. Tate II of Trimble, Tate & Nulan, Denver, Colo., for plaintiffs-appellants.
 John Gehlhausen (Darla K. Scranton, with him on the brief), Lamar, Colo., for defendant-appellee.
 Before ANDERSON, TACHA and McWILLIAMS, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 This is a case of alleged sex discrimination in the workplace. The issue on appeal is whether the critical findings of the district court, 715 F. Supp. 1496 (D.Colo.1987),are "clearly erroneous." Our study of the record convinces us that the record permits the several findings of the district court and giving, inter alia, due regard "to the opportunity of the trial court to judge ... the credibility of the witnesses," such findings are not "clearly erroneous." Fed.R.Civ.P. 52(a); Willner v. University of Kansas, 848 F.2d 1023, 1030 (10th Cir.1988) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)).
 
 
 2
 In 1984, Lamar Truck Plaza, a Colorado corporation, opened a 24-hour, full service restaurant in Lamar, Colorado. The plaintiffs in the present proceeding are five former employees, and one current employee, all of whom were employed in the Lamar Truck Plaza restaurant.
 
 
 3
 The plaintiffs alleged two claims for relief: (1) the defendant permitted and maintained a hostile workplace environment growing out of discriminatory sexual harassment, in violation of 42 U.S.C. Sec. 2000e et seq., and (2) the defendant discriminated against women in its pay scale, in violation of the Equal Pay Act, 29 U.S.C. Sec. 206(d).
 
 
 4
 In its findings the district court recognized that rough language by employees and supervisors alike was commonplace in the kitchen area at the Truck Plaza, noting that such language was used indiscriminately by both male and female employees, including certain of the plaintiffs. However, the district court held that such language, by itself, did not constitute a hostile workplace environment based on sex harassment, citing Rabidue v. Osceola Refining Company, 584 F.Supp. 419 (E.D.Mich.1984). In Rabidue it was held that Title VII was not intended to cover language in the workplace that was "rough hewn and vulgar," nor was Title VII designed "to bring about a magical transformation in the social mores of American workers." Id. at 430.
 
 
 5
 At the same time, the district court recognized that under such cases as Meritor Savings Bank v. Vinson, 477 U.S. 57, 66-67, 106 S.Ct. 2399, 2405-06, 91 L.Ed.2d 49 (1986), and Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir.1982), harassment based on sex which creates an offensive and hostile working environment is actionable under Title VII. In Meritor, the Supreme Court stated that although sex harassment in the workplace is actionable under Title VII, regardless of adverse economic impact, it must still be "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.' " Meritor, 477 U.S. at 67, 106 S.Ct. at 2406 (citing Henson, 682 F.2d at 904).
 
 
 6
 Applying this standard in the instant case, the district court held that the plaintiffs had failed to meet that test of Meritor.* Specifically, the district court found, inter alia, that the "use of foul language and alleged unwelcome touching ... were actually sparse," and not pervasive. The district court further found that when complaints were made to Lamar Truck Plaza management, management "promptly" took appropriate corrective action. Whether this court would have made such findings is not the issue. We are not the fact finder. See Lujan v. Walters, 813 F.2d 1051 (10th Cir.1987); Augustine v. United States, 810 F.2d 991 (10th Cir.1987). Velez v. Metropolitan Life Insurance Company, 723 F.2d 7 (10th Cir.1983). The question is whether the district court's finding is clearly erroneous. Fed.R.Civ.P. 52(a); Willner, 848 F.2d at 1030. We conclude it was not.
 
 
 7
 As concerns the equal pay claim, the district court held that some, though not all, of the plaintiffs had made a prima facie showing that the defendant paid them less than it paid male employees doing substantially the same work. Applying the rule of such cases as McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the district court went on to find that the defendant had articulated a legitimate, nondiscriminatory reason for the pay differential. The defendant offered evidence, which was accepted by the district court, that a decision as to an individual's starting salary was not based on the applicant's sex, but was based on the strength of the employment application, the showing made at the personal interview, past experience, including whether the applicant had previously worked at a "truck-stop" operation, and whether a current employee had personal knowledge of the applicant's abilities. Additionally, at the time when the plaintiffs were hired, the defendant was just opening the restaurant and was hiring on an accelerated basis. The record permits the district court's finding that the defendant articulated a nonpretextual legitimate business reason for its pay scale.
 
 
 8
 Judgment affirmed.
 
 
 
 *
 In Hicks v. Gates Rubber Co., 833 F.2d 1406, 1413-14 (10th Cir.1987), we recognized the rule of Meritor and held that Title VII encompassed "hostile work environment--sexual harassment" as well as "quid pro quo sexual harassment."