962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Todd S. FLOBERG, Plaintiff-Appellant,
v.
OKLAHOMA DEPARTMENT OF CORRECTIONS; Larry R. Meachum;
Larry A. Fields; Denise Robinson; Deborah
Robison, Defendants-Appellees.
 Nos. 89-6111, 90-6401.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1992.
 
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.[1] See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Todd S. Floberg commenced this action under 42 U.S.C. § 1983 against his former employer, Oklahoma Department of Corrections (DOC), and against Larry R. Meachum, Larry A. Fields, Denise Robinson, and Deborah Robison, employees of the DOC, in their individual and official capacities. In his complaint, Plaintiff alleged that his dismissal from the DOC was motivated primarily by his refusal to sign a polygraph waiver of responsibility in violation of his constitutional right to access to the courts. Plaintiff demanded judgment for declaratory and injunctive relief, reinstating Plaintiff to his former position with full back pay and benefits, and enjoining Defendants from further retaliatory actions. He also requested compensatory damages in the sum of $150,000, punitive damages in the sum of $250,000, and attorney's fees and costs.
 
 
 3
 Prior to answering Plaintiff's complaint, Defendants filed a motion to dismiss the DOC on Eleventh Amendment immunity grounds. The district court granted the motion by minute order. Following a hearing, the remaining Defendants, presumably in their individual capacities, were granted summary judgment based upon qualified immunity as to all claims. Subsequent to the summary judgment order, the district court issued its decision that the DOC's practice of requiring employees to sign polygraph responsibility waivers is unconstitutional as a deprivation of court access. Finally, following trial to the court, the district court reached the merits of Plaintiff's complaint. We presume this decision related to the individual defendants in their official capacities.[2]
 
 
 4
 Plaintiff appeals, claiming the district court erred in (1) dismissing the DOC based on Eleventh Amendment immunity as to Plaintiff's claims for declaratory and injunctive relief; (2) granting summary judgment to the remaining Defendants in their individual capacities based on qualified immunity; and (3) determining that Plaintiff's refusal to sign a polygraph release was not a substantial and motivating factor in his termination. Plaintiff also claims a right to jury trial in the event this court reverses the judgment and remands the cause of action. Because we affirm, we do not address Plaintiff's jury trial issue.
 
 
 5
 At the time of his employment termination, Plaintiff was employed in the mail room of the Mabel Bassett Correctional Center (the Center) in Oklahoma City. Prior to his termination, Plaintiff had been the subject of several disciplinary actions, i.e., a one-day suspension for an inadequate search of an incoming vehicle thereby allowing a firearm to enter the Center, a reprimand for interfering with a drug investigation, and a reprimand for allowing money orders to reach inmates undetected. There also had been several allegations that Plaintiff had made inappropriate remarks to female inmates and employees. Lastly, Plaintiff's supervisor generated an incident report regarding a female inmate's allegation that Plaintiff had made an inappropriate sexual remark to her. The ensuing investigation of this allegation culminated in Plaintiff's dismissal.
 
 
 6
 During the course of this investigation regarding the inmate's accusation, Plaintiff agreed to take a polygraph examination. Upon reporting for the examination, Plaintiff was asked to sign a liability release.[3] Upon advice of counsel, Plaintiff refused to sign the release. At this point it becomes unclear whether Plaintiff refused to take the polygraph examination or whether the polygrapher refused to administer the examination without the signed release. The record indicates that Plaintiff subsequently obtained an independent polygraph examination which indicated truthful responses regarding the inmate's allegation.
 
 
 7
 Following Plaintiff's refusal to sign the waiver of responsibility, the Warden of the Center, Defendant Larry Fields, held a hearing on the disciplinary charges emanating from the investigation of the inmate's allegation and from Plaintiff's failure to cooperate with the polygraph examination. Plaintiff was subsequently terminated. The main reasons stated for Plaintiff's dismissal were sexual harassment and failure to cooperate in an investigation by refusing to submit to a polygraph examination.[4]
 
 
 8
 Plaintiff claims that the inmate's sexual harassment accusation was in retaliation for his refusal to allow alcohol to be delivered to the inmate through the mail room for her birthday. He denies making the inappropriate remark. However, the inmate was administered a polygraph examination which also indicated truthful responses. In addition, Plaintiff claims that the Center's requirement that he sign the polygrapher's release, in violation of his constitutional right to access to the courts, was the substantial and motivating factor in his termination.
 
 ELEVENTH AMENDMENT
 
 9
 By minute order dated May 2, 1988, the district court dismissed all claims against the DOC based on Eleventh Amendment immunity. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.Const. amend. XI. The Eleventh Amendment has been applied consistently to bar suits against a state or state agency by citizens of the same state. Papasan v. Allain, 478 U.S. 265, 276 (1986).
 
 
 10
 Plaintiff's first argument on appeal is that the DOC should not have been granted Eleventh Amendment immunity as to Plaintiff's claims for prospective, injunctive relief.[5] We disagree.
 
 
 11
 Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.
 
 
 12
 Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (citation omitted). We can find no authority affording bifurcated treatment to claims against states or state agencies dependent upon the nature of the relief sought. On the contrary, this jurisdictional bar applies to the DOC regardless of whether the kind of relief Plaintiff seeks is legal or equitable. See Papasan, 478 U.S. at 276 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984)).
 
 QUALIFIED IMMUNITY
 
 13
 Next, Plaintiff contends that the district court erred in granting summary judgment to the remaining defendants on the basis of qualified immunity. "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time [the action] was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 819 (1982)); see also Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991) (burden rests on plaintiff to establish that law was violated and that law was clearly established at the time of the violation ). If the plaintiff does not meet this burden, the official is not required to proceed further and summary judgment is appropriate. Dixon, 922 F.2d at 1460.
 
 
 14
 Whether the law was clearly established is a legal question which we review de novo. Miller v. City of Mission, 705 F.2d 368, 375 n. 6 (10th Cir.1983). Once the plaintiff has met his burden, the defendant must then show that no material issues of fact remain which would defeat the claim of qualified immunity. Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988).
 
 
 15
 Plaintiff's contention that Defendants violated clearly established law is based on the district court's decision, subsequent to the grant of summary judgment, that the DOC's regulation requiring employees to sign polygraph examination releases is unconstitutional as a denial of access to the courts. Our question is whether this determination of unconstitutionality was apparent at the time of Plaintiff's termination such that Defendants, as reasonable persons, should have known they were violating Plaintiff's constitutional rights. See id., 847 F.2d at 645.
 
 
 16
 Defendants do not dispute the district court's determination that the DOC's policy of initiating disciplinary actions against employees who refused to sign polygraph waivers was in violation of the employees' access to the courts. However, officials cannot be " 'expected to anticipate subsequent legal developments, ... [or] fairly be said to "know" that the law forbade conduct not previously identified as unlawful.' " Powell v. Mikulecky, 891 F.2d 1454, 1456 (10th Cir.1989) (quoting Harlow, 457 U.S. at 818). "A defendant in a § 1983 action is not required to anticipate changes in the law, and the reasonableness of his conduct is to be judged by the state of the law at the time of his conduct." Hidahl v. Gilpin County Dep't of Social Servs., 938 F.2d 1150, 1155 (10th Cir.1991); see also Malley v. Briggs, 475 U.S. 335, 341 (1986) (Qualified immunity "provides ample protection to all but ... those who knowingly violate the law.").
 
 
 17
 Plaintiff supports his argument by citing cases holding that employees cannot be terminated in violation of their constitutional rights. See, e.g., Pickering v. Board of Educ., 391 U.S. 563, 570 (1968) (teachers could not be compelled to give up constitutional right to comment on matters of public concern); Buckley v. Coyle Pub. Sch. Sys., 476 F.2d 92, 96 (10th Cir.1973) (state must show compelling interest to terminate public employee due to pregnancy); Donahue v. Staunton, 471 F.2d 475, 480-81 (7th Cir.1972) (public employee cannot be discharged in violation of right to free speech), cert. denied, 410 U.S. 955 (1973). "[W]hile there need not be 'strict [or precise] factual correspondence between the cases establishing the law and the case at hand,' there must nonetheless be 'some ... factual correspondence.' " Hidahl, 938 F.2d at 1155 (quoting Eastwood v. Department of Corrections, 846 F.2d 627, 630 (10th Cir.1988)). In Anderson v. Creighton, the Supreme Court stated that "in light of pre-existing law the unlawfulness must be apparent." 483 U.S. at 640. However, "[p]laintiff's burden cannot be met merely by identifying in the abstract a clearly established right and then alleging defendant violated that right." Patrick v. Miller, Nos. 90-6359 and 90-6388, slip op. at 6 (10th Cir. Jan. 27, 1992) (citing Losavio, 847 F.2d at 645); see also Hilliard v. City & County of Denver, 930 F.2d 1516, 1518 (10th Cir.) (same), cert. denied, 112 S.Ct. 656 (1991).
 
 
 18
 The right to access the courts is guaranteed by the Fifth and Fourteenth Amendments. See Shaw v. Neece, 727 F.2d 947, 949 (10th Cir.), cert. denied, 466 U.S. 976 (1984). This fact alone is insufficient, however, to defeat Defendants' summary judgment motion. See Anderson, 483 U.S. at 640 (test of qualified immunity must be established in a particularized and relevant sense). Our review of the record in this case, and the applicable law, has failed to convince us that the law regarding this type of employment practice was so clear at the time of Plaintiff's termination as to have placed the Defendants on notice that they were violating it. See Lutz v. Weld County Sch. Dist. No. 6, 784 F.2d 340, 342-44 (10th Cir.1986). Thus, we affirm the district court's grant of qualified immunity to Defendants.
 
 SUBSTANTIAL AND MOTIVATING FACTOR
 
 19
 Finally, Plaintiff appeals the district court's Findings of Fact, Conclusions of Law and Judgment in which the court determined that Plaintiff's refusal to sign the release of liability for the polygraph examination was not a substantial or motivating factor in his termination and that he would have been terminated on other grounds.[6]
 
 
 20
 "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Fed.R.Civ.P. 52(a); see also Wulf v. City of Wichita, 883 F.2d 842, 857 (10th Cir.1989) (whether defendant met burden of showing that plaintiff would have been dismissed in the absence of the protected activity is question of fact).
 
 
 21
 We agree with the district court and the parties that the analytical framework this court set forth in Wulf is the proper one to follow in this case. In Wulf, we stated that, upon a conclusion that the activity is protected, the plaintiff must show that the protected activity was "a substantial and motivating factor in the challenged employment decision." Id. at 856-57. The employer then has the burden of proving that the employee would have been terminated even if the constitutional violation were absent. Id. at 857.
 
 
 22
 Defendants do not dispute the district court's conclusion that the requirement that employees sign a waiver of responsibility upon submitting to a polygraph examination is a constitutional violation of the employee's right to court access. The only question in contention is whether Plaintiff's refusal to sign the waiver was a substantial and motivating factor in the DOC's decision to terminate his employment. The district court found that even if Plaintiff's refusal to cooperate with the examination by signing the waiver were of import in the decision to terminate his employment, there was substantial evidence of additional misconduct supporting a termination decision, and Defendants met their burden of proving that Plaintiff would have been terminated despite the polygraph incident.
 
 
 23
 The district court had numerous opportunities in this case to hear and evaluate the evidence and testimony and we cannot ascertain any indication that its decision lacked support or substance. See Ebert v. Lamar Truck Plaza, 878 F.2d 338, 338 (10th Cir.1989) (deference must be given to district court's opportunity to judge credibility). The district court's finding that Plaintiff would have been subject to dismissal regardless of his refusal to sign the polygraph waiver was not clearly erroneous.
 
 
 24
 Therefore, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, Sitting by Designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff filed case No. 89-6111 following an erroneous order of the district court administratively closing the case. This court issued a partial remand to allow the district court to correct its error. Following the remand proceedings, Plaintiff filed case No. 90-6401
 
 
 [2]
 The chronology of the district court decisions in this case is as follows:
 
 
 [1]
 Minute Order, May 2, 1988--dismissal of all claims against the DOC based on Eleventh Amendment immunity
 
 
 [2]
 Order Granting Summary Judgment, September 15, 1988--grant of summary judgment based on qualified immunity
 
 
 [3]
 Order Regarding Constitutionality of Polygraph Release Requirement, and Setting Status Conference, August 13, 1990--determination that the DOC's polygraph release requirement as a condition of employment is unconstitutional
 
 
 [4]
 Findings of Fact, Conclusions of Law, and Judgment, November 5, 1990--determination that, even though polygraph release requirement is unconstitutional, Plaintiff failed to meet his burden of proving that his refusal to sign the release was a substantial and motivating factor in his termination
 
 
 [3]
 The relevant portion of the liability release states:
 I fully understand the examiner's opinion may be that I have not been truthful. Knowing this, I do hereby release, absolve, and agree to forever hold harmless, KENNETH WOODRUM and WOODRUM POLYGRAPH SERVICE, INC. from any liability resulting either from the operation of the equipment or use of the results obtained therefrom.
 Appellant's App. at 144. The release also required that Plaintiff attest to his own good health.
 
 
 [4]
 The Oklahoma Department of Corrections Employee Handbook states that an employee can be terminated for
 [f]ailing or refusing to cooperate in an investigation into alleged illegal activities or violations of Department rules and regulations.
 Refusal to submit to a polygraph examination will be considered a violation of this rule. Refusal to sign a standard examiner's waiver of responsibility form will not be accepted as an excuse for not submitting to a polygraph examination.
 See Termination letter, Appellant's App. at 99.
 
 
 [5]
 We can find no indication in the record that this issue was argued or ruled on below. The record indicates that the district court invited briefing on the issue at the close of its summary judgment decision. Appellant's App. at 125. There is no further indication that the issue was briefed or argued, and we can find no appealable ruling by the district court. However, because it concerns a question of subject matter jurisdiction, we do not deem the issue abandoned. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir.1988) (even if parties do not raise issue of subject matter jurisdiction, the court has a duty to do so sua sponte), cert. denied, 489 U.S. 1080 (1989)
 
 
 [6]
 We must presume that the district court's decision only pertains to the individual Defendants in their official capacities, because, at the time of this decision, all other Defendants had been dismissed from the case on immunity grounds