Jorge PEREZ CORDERO, Plaintiff,

v.

WAL–MART PR, INC.
et al., Defendants.

Civ. No. 01–2383 (PG).

United States District Court,
D. Puerto Rico.

Aug. 13, 2009.

Wilma E. Reveron–Collazo, Estudio Legal Wilma E. Reveron Collazo, San Juan, PR, for Plaintiff.

Kenneth C. Suria–Rivera, Alberto G. Estrella, William Estrella Law Offices, San Juan, PR, for Defendants.

### OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, District Judge.

Before the court is "Defendant Wal–Mart Puerto Rico, Inc. and Pablo Falcon's Motion for Summary Judgment" (Docket No. 36) which was filed on December 19, 2002 accompanied by "Defendant Wal–Mart Puerto Rico, Inc. and Pablo Falcon's

Statement of Undisputed Facts in Support of Motion for Summary Judgment" (Docket No. 36).

For the reasons stated below, we hereby **GRANT** Defendants' request for summary judgment as to all of Plaintiff's remaining claims against them.

## BACKGROUND

Plaintiff, Jorge Pérez Cordero ("Pérez Cordero" or "Plaintiff"), has been employed since 1998 as a butcher at the Sam's Club store in Humacao, Puerto Rico, which is owned and operated by Wal–Mart Puerto Rico, Inc. ("Wal–Mart"). The team leader from 1998 until February 2001 was Madeline Santiago ("Santiago"), who Pérez Cordero alleges, harassed him because of his gender. Although Santiago was not Pérez Cordero's immediate supervisor, she did have some supervisory authority over Pérez Cordero.

Pérez Cordero claims that he was discriminated against by Santiago when she: 1) admonished him in front of others, 2) grabbed him, hugged him and forcefully sucked his neck in front of an associate, 3) undertook a campaign of hostility and humiliations against him in front of other employees, for example by making sexually related remarks, and 4) started assigning him the toughest and most demeaning chores of the meat center. Pl.'s Compl. at p. 4 (Docket No. 1). Plaintiff complained about this conduct to the Meat Department Manager, Luis Ortiz ("Ortiz"), the Human Resources Director Oscar Romero ("Romero"), and finally to Store Manager and co-defendant in this case, Pedro Falcón ("Falcon"). Falcón carried out an investigation as mandated by Wal–Mart's policy. (Docket No. 36, Ex. 1). Santiago was interviewed with regards to the kissing incident, and she explained that it was customary for employees in the meat department to greet each other with a kiss every day. (Docket No. 36 at ¶ 27). She explained she had no sexual interest in Plaintiff and suggested Plaintiff's complaints could be related to her criticisms of Pérez Cordero's performance. (Docket No. 36 at ¶ 28). Ortiz corroborated the statements made by Santiago. All the parties involved were called to a meeting where Santiago was asked to apologize for offending Pérez Cordero and he accepted her apology. At the end of the investigation, Wal–Mart transferred Santiago, the alleged harasser, to another store.

Pérez Cordero alleges that once he complained about the harassment to several supervisors, they, and specifically Falcón, retaliated against him by: (1) denying him participation in training sessions, (2) referring to him as a "problematic employee," (3) denying him vacations, and (4) advising him that it would be easier to find a butcher [to replace him] than a team leader [to replace Santiago]. Pl.'s Compl. at pp. 5–6. (Docket No. 1).

Pérez Cordero brought this lawsuit against his employer Wal–Mart, and also individually against Santiago and Falcón, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* ("Title VII") and Puerto Rico Law 100, P.R. Laws Ann., tit. 29 § 146 ("Law 100"). His complaint alleges that Defendants engaged in conduct that constituted discrimination in the form of sexual harassment because of his gender, and in retaliation for his protected activity.[1] Pérez Cordero also

---

1. In his complaint, Plaintiff seems to be severing his sex discrimination and sexual harassment claims. However, a reading of his complaint reveals that the gravamen of his sex discrimination claim Is the acts that allegedly constituted sexual harassment. Sexual

harassment constitutes sex discrimination prohibited by Title VII. *Gorski v. New Hampshire Dept. of Corrections,* 290 F.3d 466, 472 (1st Cir.2002). Additionally, there is no direct evidence of discrimination and under no reading of Plaintiff's complaint can the Court

makes a claim against Defendants for deprivation of his Constitutional right to equal protection of the laws.

In adjudicating Defendants' Motion to Dismiss (Docket No. 5), which was based on issues of procedure and the time limitations imposed by Title VII, this Court dismissed Plaintiff's constitutional claims against all Defendants as well as Plaintiff's federal claims against the individual co-defendants. (*See* Docket No. 27).

Defendants filed a Motion for Summary Judgment (Docket No. 36) on December 12, 2002. This court ruled in favor of the Defendants in an Opinion and Order dated January 30, 2003 (Docket No. 42) under the impression that no opposition was filed by the Plaintiffs. After Plaintiff's Motion to Vacate on February 3, 2003 (Docket No. 43), this court reaffirmed its previous decision in an Order on March 1, 2004 (Docket No. 53). Defendants appealed this decision to the First Circuit Court of Appeals. In its March 13, 2006 decision, 440 F.3d 531 (1st Cir.2006), the Court of Appeals vacated this Court's decision and remanded the case for reconsideration of the original Summary Judgment Motion (Docket No. 36). Upon reconsideration, this Court is to take into account the Plaintiff's Opposition to Motion for Summary Judgment (Docket No. 44).

The claims that are pending against the movants are as follows: Plaintiff's Title VII claim and Law 100 claims for sexual harassment and retaliation against Wal–Mart and Plaintiff's Law 100 claim for sexual harassment against co-defendant Falcón.

discern a *prima facie* case of a sex discrimination claim in its primary and essential nature which generally encompasses cases of demotion, termination, and failure to hire or promote. Therefore, as Defendants did in their

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure, which allows disposition of a case if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Sands v. Ridefilm Corp.*, 212 F.3d 657, 660 (1st Cir.2000). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. *See Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir.2004).

To be successful in its attempt, the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record, *see DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir.1997), through definite and competent evidence. *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). Once the movant has averred that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant to establish the existence of at least one fact in issue that is both genuine and material. *See Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990) (citations omitted). If the non-movant generates uncertainty as to the true state of any material fact, the movant's efforts should be deemed unavailing. *See Suarez v. Pueblo Int'l*, 229 F.3d 49, 53 (1st Cir. 2000). Nonetheless, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judg-

motion requesting summary judgment in their favor, the Court will examine Plaintiff's sex discrimination claim solely in the form of harassment.

ment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, "summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

At the summary judgment juncture, the Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts. *See Rochester Ford Sales, Inc. v. Ford Motor Co.,* 287 F.3d 32, 38 (1st Cir.2002). The Court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 135, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). This is so because credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, and not for a judge to decide. *Id.*

### DISCUSSION

#### Title VII Claims

##### Sexual Harassment Claim

■ There are two types of actionable sexual harassment claims: hostile work environment and *quid pro quo.* The latter requires a showing that a supervisor or employee uses his/her "superior position to extract sexual favors from a subordinate employee, and if denied those favors, retaliates by taking action adversely affecting the subordinate's employment." *O'Rourke v. City of Providence,* 235 F.3d 713, 728 (1st Cir.2001). Because there are no allegations suggesting this type of conduct in this case, the *quid pro quo* form of harassment is not implicated here.

■ To prove a Title VII claim of a hostile work environment, a plaintiff must establish: (1) that he/she is a member of a protected class; (2) that he/she was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established. *Crowley v. L.L. Bean, Inc.,* 303 F.3d 387, 395 (1st Cir.2002); Civil Rights Act of 1964, §§ 701 et seq., as amended, 42 U.S.C.A. § 2000e *et seq.*

■ In this case, Plaintiff can unequivocally show the first of these factors. His successful showing of the remaining factors, however, is questionable. Pursuant to the statement of facts in his complaint, Pérez Cordero could possibly also establish the second factor if he could prove his allegations that Santiago grabbed and hugged him and forcefully sucked his neck in front of an associate and that subsequently, she made sexually related remarks regarding Plaintiff's reactions to her advances. The difficulty lies in showing that this conduct was not welcome since according to the uncontested facts in the record, it was customary for co-employees at the meat department to greet each other with a kiss and there is no allegation that Plaintiff ever expressed his disapproval of this practice prior to the alleged incident with Santiago. Other than the allegations made in the complaint, there is no indication in the record that the kissing incident was out of the ordinary or customary. Even though Plaintiff need not necessarily show that the harassing behavior was sexually charged or motivated by sexual desire, he must show that the conduct was either anti-male or at least slightly sexual to prove that it took place

because of the prohibited factor, sex or gender. *Gorski*, 290 F.3d at 472. Plaintiff offers no evidence to this effect.

■■■ We move on to the fourth prong of the hostile work environment standard. Assuming Santiago's conduct was sexual enough to implicate that she engaged in it because of Plaintiff's sex or gender, it is still essential that Plaintiff puts forth proof that because of his sex or gender, the work environment became so hostile or abusive that the terms or conditions of Plaintiff's employment were altered. *Id.* We find that it did not. In making this determination, we find guidance in several cases in which it has been found that "genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex" are not prohibited by Title VII. *Oncale v. Sundowner Offshore Svcs.*, 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *see also Crespo v. Schering Plough Del Caribe, Inc.*, 231 F.Supp.2d 420, 428 (D.P.R. 2002). The plaintiff must show that the alleged harassing conduct was not just marked by "offensive sexual connotations," but also amounted to discrimination because of sex. *Id.* The critical inquiry must then be whether a member of one sex was exposed to disadvantageous terms and conditions of employment to which the members of the other sex were not. *Id.* at 80, 118 S.Ct. 998, *Crespo*, 231 F.Supp.2d at 428. Furthermore, hostile work environment claims must involve repeated conduct and a court must examine the totality of the circumstances including (1) the frequency of the alleged conduct, (2) the increasing severity of the alleged conduct, (3) the increasing physical severity of the alleged conduct, and (4) the extent to which it may have interfered with Plaintiff's work performance. *Hernandez v. Wangen*, 938 F.Supp. 1052, 1058 (D.P.R. 1996).

There are two scenarios here suggesting harassment that could be related to Plaintiff's sex. First, the kissing on the neck incident and second, the alleged sexual remarks made about Plaintiff. Even though these incidents tend to implicate the gender or sex of either or both the alleged harasser and the alleged victim of harassment, the implications are not convincing. We can not rule out the possibility that they were simply marked by minor offensive sexual connotations. No indication is made in the factual record of this case to suggest that Santiago would greet only male employees, such as Plaintiff, with a kiss. Moreover, no specific allegation is made that the allegedly sexual remarks made by Santiago were motivated by Plaintiff's gender.

■■■ When the totality of the circumstances are examined, there is no indication that these incidents were frequent, that the conduct increased in severity physically or otherwise, nor that it interfered with Pérez Cordero's work performance. Moreover, when viewed from the objective perspective of a reasonable person, as required by the fifth prong of the hostile work environment test, we find Plaintiff's allegations fail to create a genuine issue of material fact as to the severity and pervasiveness of Defendant's conduct. As other courts that have applied the totality of circumstances standard,[2] we find

---

**2.** *See Morgan v. Massachusetts General Hospital*, 901 F.2d 186, 192–93 (1st Cir.1990)(conduct not sufficiently severe or pervasive to implicate Title VII liability where male co-worker stood behind plaintiff to cause physical contact, surreptitiously looked at plaintiff's privates in the restroom, 'hung around him a lot,' and engaged in unwanted touching, all over a two week period); *Del Valle Fontanez v. Aponte*, 660 F.Supp. 145, 149 (D.P.R.1987) (single incident of sexual harassment where supervisor pressed his body against the plaintiff in the context of the totality of the circumstances was not sufficiently severe or pervasive); *Ballou v. University of*

that the alleged sexually harassing incidents presented in the complaint of this case were not sufficiently severe and pervasive to constitute actionable sexual harassment.

Once the moving party, the Defendants, showed the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, the Plaintiff, to present facts in dispute that must be decided at trial. Fed.R.Civ.P. 56(e). Plaintiff has not alleged facts that would show his terms and conditions of employment were altered enough that he suffered a tangible job detriment from the alleged harassment. *See Landrau Romero v. Caribbean Restaurants, Inc.*, 14 F.Supp.2d 185, 191 (D.P.R.1998). Plaintiff alleges that after the alleged harassing incidents took place and he complained about them, he was denied training opportunities, he was not invited to department meetings and he was denied vacation days. He claims that this was in retaliation for reporting the harassment. Our conclusion in this regard is supported by the Statement of Undisputed Facts (Docket No. 36) submitted by Defendants which establishes that: (1) Plaintiff was offered a Team Leader position subsequent to his alleged harassment incidents; (2) Plaintiff did not fill out the required vacation forms to request vacation and he

was paid for voluntary vacation time that he was entitled to take; (3) Plaintiff received positive evaluations, recognition certificates and salary increases after the relevant incidents took place; and (4) Plaintiff attended training seminars offered by Defendant. Plaintiff presents no other evidence to rebut these facts in his Opposition to Defendants' Motion for Summary Judgment (Docket No. 44). He expands on the vacation issue by saying that he received all required training in only one day, but this does not amount to a hostile work environment as required by the relevant caselaw. Therefore, because there are no facts that would support a finding of a severe and pervasive work environment imposed on Plaintiff and neither are there facts to support a finding of significant changes in the terms and conditions of his employment, Plaintiff has failed to show the fourth and fifth prong of the harassment standard.

■■■ The final prong of the hostile work environment test examines whether there is a basis for holding Wal–Mart liable for Santiago's conduct. "[A]n employer is subject to vicarious liability for an actionable hostile environment created by a supervisor with immediate or successively higher authority over an employee ..."

Kansas Medical Center, 871 F.Supp. 1384, 1389–90 (D.Kan.1994) (supervisor's request to date the plaintiff, telephone calls, request to kiss the plaintiff on her birthday, and other less severe conduct that did not involve physical touching or sexually provocative comments was not sufficiently severe or pervasive); *Ebert v. Lamar Truck Plaza*, 878 F.2d 338, 339 (10th Cir.1989) (use of foul language and sparse touching of employees at 24–hour restaurant was not pervasive or severe and management promptly took corrective action whenever complaints were made); *Scott v. Sears, Roebuck & Co.*, 798 F.2d 210, 213–14 (7th Cir.1986) (offensive conduct of several of the plaintiff's co-workers were isolated, non-repetitive, and did not affect the plaintiff's ability to perform her job); *Hopkins v. Balti-*

*more Gas and Elec. Co.*, 77 F.3d 745, 753–54 (4th Cir.1996) *cert. denied*, 519 U.S. 818, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996) (male supervisor's behavior not actionable when it involved bumping into male employee, kissing him at his wedding, staring at him in the bathroom, commenting on his appearance, and making sexual remarks to him where the acts occurred intermittently and did not entail an explicit sexual proposition); *Mullenix v. Forsyth Dental Infirmary for Children*, 965 F.Supp. 120, 151–156 (D.Mass.1996)(Female employee's being laughingly told to wear a short skirt to a meeting, asked why she should get a paycheck when she had a husband, and called hysterical do not present genuine issues of material fact of an objectively hostile work environment).

*Landrau Romero,* 14 F.Supp.2d at 191. But the U.S. Supreme Court has established an affirmative defense that can relieve an employer from vicarious liability for a supervisor's alleged discriminatory harassment in cases where the alleged victim of harassment has not suffered a tangible job consequence.[3] *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Wal–Mart argues that Santiago was not Plaintiff's supervisor. If this is the case, then the affirmative defenses would not apply to the claims that implicate her conduct towards Plaintiff. Santiago however, was a Team Leader and what we can discern from the record of this case is that she at least had some immediate supervisory authority over Plaintiff. Therefore, we do examine Wal–Mart's affirmative defense for Plaintiff's claims against it with regards to Santiago's alleged sexually harassing behavior.

 In order to put forth a successful *Faragher/Ellerth* affirmative defense, an employer must prove that "it exercised reasonable care to prevent and correct promptly any sexually harassing behavior." *Ellerth,* 524 U.S. at 765, 118 S.Ct. 2257. This can be shown with evidence that an employer promulgated an anti-harassment policy that included an internal grievance complaint procedure. *Id.* Second, the employer must also show that the "plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* Here, the Plaintiff did not ignore the grievance complaint procedure. There-

fore, even though Wal–Mart has set forth evidence of an anti-harassment policy it promulgates amongst its employees (Docket No. 36, Ex. 1), it has failed to meet its burden as to the second prong of the affirmative defense framework. Thus had we found there was sufficient evidence of a hostile work environment, Plaintiff would have had a basis to hold Wal–Mart liable for Santiago's conduct.

In light of our application of the standard of a hostile work environment claim to the facts of this case, we find that Pérez Cordero's sexual harassment claim fails because he has not shown that a trial worthy issue remains as to any facts that would support this claim and would forbid this Court from entering judgment on it as a matter of law in favor of Defendants.

### Retaliation Claim

 Pérez Cordero's other claim brought under Title VII is a retaliation claim for Falcón's allegedly retaliatory actions toward Plaintiff after he complained of the alleged sexual harassment. When an employee reports sexual harassment or initiates a charge of sexual harassment, his/her activities are protected under Title VII. *Dressler v. Daniel,* 315 F.3d 75, 78–79 (1st Cir.2003). There are three elements that an employee must establish and prove by a preponderance of the evidence to establish a prima facie case of retaliation: (1) that he/she engaged in protected conduct under Title VII; (2) that he/she suffered an adverse employment action; (3) that the adverse action is causally connected to the protected activity. *Id.* (quoting *White v. New Hampshire Dep't of Corr.,* 221 F.3d 254, 262 (1st Cir.2000)).

 Pérez Cordero engaged in protected conduct when he complained to sev-

---

**3.** "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Ellerth,* 524 U.S. at 760, 118 S.Ct. 2257. No such action has been alleged to have taken place here and therefore, the *Faragher/Ellerth* affirmative defense could apply in this case.

eral of his superiors of what he allegedly thought was harassing conduct towards him by Santiago. As we have found above, Plaintiff has not shown and could not show on the basis of the factual allegations made in his Complaint and the Undisputed Facts (Docket No. 36) in the record, that he suffered an adverse employment action. With regard to his retaliation claim, Pérez Cordero argues that he was denied participation in training sessions and that he was denied vacations. The Undisputed Facts (Docket No. 36), however, suggest otherwise. Furthermore, Plaintiff has offered no argument challenging these facts. In addition, Plaintiff has not alleged facts that would support a finding that Plaintiff's complaints regarding Santiago's conduct motivated Falcón's denying Plaintiff participation in training and vacations. Even though the alleged retaliatory actions by Falcón are in close temporal proximity to Plaintiff's internal complaints at Wal–Mart and his charge of discrimination filed with the Antidiscrimination Unit of the Department of Labor of the Commonwealth of Puerto Rico, we cannot establish a causal connection between Plaintiff's protected activity and non-existent adverse actions.

For these reasons, we find that Plaintiff's claim of retaliation against Wal–Mart under Title VII fails and summary judgment must be granted in favor of Defendants for this claim.

### Law 100 Claims

In addition to his Title VII sexual harassment claim, Plaintiff raises another cause of action pursuant to the local laws of Puerto Rico. This additional cause of action arises out of the exact same nucleus of facts as Pérez Cordero's federal sexual harassment claims. Within the local anti-discrimination laws of Puerto Rico, there are two laws that more specifically address and apply to Plaintiff's claims than Law 100. These are Law 69 and Law 17 codified at 29 P.R. Laws Ann. § 1340 *et seq.* and 29 P.R. Laws Ann. § 155 *et seq.* respectively. Law 69 applies to sex or gender discrimination while Law 17 is specifically applicable to sexual harassment claims. However, neither of these are raised by Plaintiff in his Complaint. Instead, his local claims are brought exclusively pursuant to the general anti-discrimination statute in Puerto Rico, Law 100.

Law 100 provides, in pertinent part, that:

> Any employer who discharges, lays off or discriminates against an employee regarding [his] salary, wage, pay or remuneration, terms, rank conditions or privileges of [his] work, or who fails or refuses to hire or rehire a person, or who limits or classifies [his] employment opportunities, or to affect his status as employee, on the basis of ... sex, ... shall incur civil liability ..."

Under Law 100, the employee bears the initial burden of presenting sufficient, probative evidence that suggests he was discharged without just cause. *Ruiz v. Caribbean Restaurants, Inc.,* 54 F.Supp.2d 97 at 119 (D.P.R.1999). To do this he must show that he was actively and constructively discharged without just cause. The record of this case supports a finding that Plaintiff has not complied and can not comply with these requirements under Law 100 and therefore, his local claim against Wal–Mart and Falcón[4] fails.

---

4. In an Opinion and Order entered in this case on November 20, 2002, the Court dismissed Plaintiff's Title VII claims against Falcón. Pursuant to Plaintiff's second cause of action in his complaint, the only remaining claim against him then is the Law 100 sexual harassment claim. However, the factual allegations made in Plaintiff's complaint seek to make Santiago and Wal–Mart liable for sexual harassment, not Falcón. Given his participation in the incidents that form the basis of the complaint in this case, Falcón could only be held liable for discriminatory retaliation.

In fact, Plaintiff does not mention his discharge at all. In his deposition, Plaintiff says that he is still employed by Defendants. *See* Deposition of Mr. Pérez Cordero, p. 7, Lines 15–20 (Exhibit to Docket No. 36). Because there is no genuine issue of material fact as to this Law 100 claim for sex discrimination in the form of sexual harassment, we **GRANT** Defendants' request for summary judgment with regards to Plaintiff's Law 100 claim.[5]

### CONCLUSION

In light of the foregoing, we hereby **GRANT** Defendants' request for summary judgment with regards to Plaintiff's federal sexual harassment and retaliation claims against Wal–Mart and Plaintiff's state sexual harassment claim against Wal–Mart and Falcón. We find that there remain no doubts or genuine issue as to any material fact, and the facts and allegations, as they now constitute the record of this case, support a judgment for the Defendants as a matter of law. Plaintiff's remaining claims against Wal–Mart and Falcón are hereby **DISMISSED with PREJUDICE.**

Additionally, the Clerk of the Court has entered default against co-defendant Santiago and she has not requested that the entry of default be set aside. (Docket No. 23). The pending claim against her is a

Law 100 claim for sexual harassment. In light of the fact that the factual allegations in support of this claim against Santiago are the same as those supporting the same claim against her co-defendants, we hereby set aside the entry of default against Santiago, and adopt our previous findings and analysis with regards to Plaintiff's Law 100 claim. *See supra* at 223–24. Accordingly, Plaintiff's Law 100 claim against Santiago is hereby **DISMISSED with PREJUDICE.**

**SO ORDERED.**

---

But Plaintiff does not bring a Law 100 retaliation claim. His Law 100 cause of action is only for sexual harassment. Therefore, even before reaching this summary judgment stage, Plaintiff's claims against Falcón could have been dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief could be granted.

5. Even if we examined *sua sponte* Plaintiff's local sexual harassment claim under the standard set out by the most appropriate and applicable local law, Law 17, our conclusion would remain the same. The sexual harassment cause of action under Law 17 is nearly identical to the sexual harassment framework set out in guidelines of the Equal Employment

Opportunity Commission for Title VII sexual harassment claims. Moreover, "Law 17 calls for a totality of circumstances analysis parallel to that of Title VII." *Ruiz,* 54 F.Supp.2d at 120 (quoting *Landrau Romero,* 14 F.Supp.2d at 193). Therefore, we would reach the same conclusions we reached above with regards to his Title VII sexual harassment claim which was that summary judgment in favor of Defendant was appropriate.